**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**


**TYRONE OWENS,**
**No. B-09385,**
**KENDALL JACKSON,**

                                              **Case No. 17-cv-233-DRH**

       **Plaintiffs,**


**vs.**


**CHARLES HECK,**
**MARCUS MYERS,**
**LARUE LOVE,**
**JOHN BALDWIN,**
**C/O GILLEY,**
**OFFICER VANDEKERLOVE, and**
**CAROL MCBRIDE,**


       **Defendants.**


**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, District Judge:**

Plaintiffs Tyrone Owens and Kendall Jackson, inmates at Pinckneyville Correctional Center (Pinckneyville) bring this action pursuant to 42 U.S.C. § 1983. Although Jackson is identified as a plaintiff in the case caption and is referenced in the complaint, the complaint focuses on alleged deprivations of Owens' constitutional rights. Essentially, plaintiff alleges he was retaliated against and placed in segregation for acting as a jailhouse lawyer. In connection with

these claims, Owens seeks compensatory and punitive damages, as well as a preliminary injunction ordering his release from segregation and ordering Pinckneyville officials to stop retaliating against him by placing him in segregation. In connection with his request for injunctive relief, Owens asks for an "emergency hearing."

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the

factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

According to the complaint, on three separate occasions, Heck, Myers, Mcbride, and Love placed Owens in segregation in retaliation for assisting other inmates in filing grievances and lawsuits involving Pinckneyville staff. (Doc. 1, p. 7). This allegation is also directed against an individual identified as "Lt. Sean Furlow." *Id.* However, Furlow is not a named defendant in this action. Owens further alleges that he was the subject of several retaliatory "shake-downs" (meaning Owens' cell was searched by Defendants) (Doc. 1, pp. 7-9). During the alleged shake-downs, legal paperwork belonging to other inmates was strewn about Owens' cell, confiscated, and/or destroyed. (Doc. 1, pp. 7-9). Owens' placement in segregation and the repeated searches of his cell have interfered with the ability of other inmates to access the Courts. (Doc. 1, pp. 7-9). At least one of the shake-downs was ordered by non-party Lt. Sean Furlow.

Owens specifically alleges that on two occasions in 2016, Heck, Myers, and McBride placed him in segregation in retaliation for his activities as a jailhouse lawyer. At one point, Heck told Owens if "you keep filing lawsuits, I'll keep you in [segregation]." (Doc. 1, p. 9). Myers then said, "give his ass the max." *Id.*

3

Owens alleges that in 2017, Vandekerlove and Gilley searched his cell and confiscated dozens of documents, including legal documents. (Doc. 1, p. 8-9). This incident was apparently in retaliation for Owens' attempt to assist Jackson in filing his first lawsuit. *Id.* Although not entirely clear, it appears that following this search, Owens was placed in segregation for a third time. (Doc. 1, pp. 7, 9)

Owens contends that he has filed grievances and/or written letters to Love and Baldwin regarding the alleged constitutional violations. (Doc. 1, p. 8). However, his complaints have been ignored. *Id.*

Owens claims that he has been in segregation for a total of a year as retaliation for assisting other inmates in filing grievances and/or lawsuits. (Doc. 1, p. 9). He states the continued segregation is causing severe headaches and depression. *Id.* Additionally, Owens contends he is hearing voices. *Id.*

Finally, Owens alleges that Heck, Myers, Love, Baldwin, Gilley, Vandekerlove, McBride, and non-party Lt. Sean Furlow conspired to violate his rights by instituting a policy of retaliating against inmates that file grievances and/or law suits by placing them in segregation. (Doc. 1, p. 7).

## Discussion

### The Plaintiffs

As a preliminary matter, it is necessary to clarify who is a plaintiff in the instant action. The caption of the complaint lists Owens and Jackson as plaintiffs.

However, the only plaintiff identified in the complaint's list of parties is Owens. Additionally, Owens is the only individual that has signed the Complaint.

There is no reason to believe Owens is an attorney. Federal Rule of Civil Procedure 11(a) requires each party or his attorney to sign the complaint and all other pleadings. Although individuals may represent themselves in federal court, *pro se* litigants and non-lawyers cannot represent other individuals or corporations. *Nocula v. Tooling Systems International Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) ("corporations cannot appear pro se, and one pro se litigant cannot represent another") (citations omitted). Therefore, Owens cannot proceed as though he is representing anyone other than himself.

Not only must each plaintiff sign the complaint, each must also pay the $400 filing fee ($350 for those granted pauper status). *See Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004). Each plaintiff's individual obligation to pay the filing fee for this action was, theoretically, incurred at the time the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). However, because the complaint was signed only by plaintiff Owens, the filing fee will not automatically be assessed against each plaintiff. Rather, only Owens is deemed liable for the fee at this point in time.

For these reasons, Jackson will be dismissed without prejudice.

**The Defendants**

It is also necessary to clarify who the defendants are in the instant action. The first clarification relates to an individual identified as "Lt. Sean Furlow" or

"Furlow." Although the body of the complaint raises several allegations with regard to this individual, he is not identified as a defendant in the caption of the complaint or in section of the complaint that identifies the parties. Because this individual is not listed in the caption by name or by Doe designation, he will not be treated as a defendant in this case, and any claims against him should be considered dismissed without prejudice. See FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"); *Id.* at 553 ("[It is] unacceptable for a court to add litigants on its own motion. Selecting defendants is a task for the plaintiff, not the judge.").

The second clarification relates to McBride. Owens has filed a motion to dismiss McBride. (Doc. 6). The motion to dismiss shall be **GRANTED** and all claims as to this defendant shall be dismissed without prejudice.

**Owens' Claims**

The Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **Count 1 –** First Amendment claim for retaliation for acting as a jailhouse lawyer as to all defendants.

**Count 2 –**  Conspiracy claim as to all defendants.

For reasons discussed below, Count 1 survives preliminary review. Count 2 shall be dismissed without prejudice for failure to state a claim.

**Count 1**

Owens complains that he was retaliated against and placed in segregation for acting as a jailhouse lawyer for other inmates. Courts have recognized such claims as viable under the First Amendment. *See Bridges v. Gilbert*, 557 F.3d 541, 554 (7th Cir. 2009) (citation omitted) ("If a prisoner is transferred for exercising his own right of access to the courts, or for assisting others in exercising their right of access to the courts, he has a claim under § 1983."); *see also L'Heureux v. Ashton*, 1996 WL 55707, at *1 (1st Cir. 1996) (collecting cases).[1]

**Heck, Myers, Gilley,** and **Vandekerlove**

Owens alleges that Heck, Myers, Gilley, and Vandekerlove were directly involved placing him in segregation and/or in shake-downs of his cell. Owens further alleges that these acts were in retaliation for his activities as a jailhouse lawyer. This is sufficient to survive preliminary review as to these defendants. Accordingly, Count 1 shall receive further review as to Heck, Myers, Gilley, and Vandekerlove in their individual capacities only. Owens may not pursue any

---

[1] In the instant case, Owens contends he was disciplined with segregation. Assuming Owens was punished *only* with segregation, the bar imposed by *Edwards* and *Heck* is not applicable.  *See Antoine v. Ramos*, 497 F.App'x. 631, 634 (7th Cir. 2012) ("the bar imposed by *Edwards* and *Heck* has no application to an inmate who was punished only with segregation").

claims against these defendants in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

**Baldwin and Love**

Owens does not allege any *specific* facts suggesting that Baldwin or Love were directly involved in the alleged retaliatory acts. However, Owens does allege he corresponded with Baldwin and Love regarding the alleged constitutional violations and that his correspondence was ignored. As is explained more fully below, the Court finds that Owens' allegations in this regard are sufficient (barely) to survive preliminary screening.

A defendant in a § 1983 action cannot be held liable under a theory of *respondeat superior*. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Rather, in order to hold an individual liable under Section 1983, a plaintiff must show that the defendant was personally responsible for the deprivation of his constitutional rights. *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "This is a mental state requirement and requires plaintiffs to prove more than mere negligence." *Wilson*, 830 F.3d at 469. A prison official is personally responsible "if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Id.* (internal quotations omitted) (quoting *Gentry*, 65 F.3d at 561). Put another way, personal involvement can be alleged by claiming that the defendant knew "about the conduct and facilitate[d] it,

approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what they might see." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

At issue here is whether Butler and Love knew about the alleged retaliation and facilitated, approved, condoned, or turned a blind eye to it. The Seventh Circuit has held that correspondence from an inmate to "a prison administrator may...establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). Although *Perez* involved deliberate indifference to medical needs, nothing in the opinion indicates that the holding is limited to such claims. Further, the Appellate Court in *Perez* relied, in part, on *Gentry v. Duckworth*, a § 1983 action involving an inmate's right of access to the courts. The Seventh Circuit summarized *Gentry* as follows:

> [in *Gentry*], an inmate claimed that his right of access to the courts was violated because he was denied scribe materials (e.g., paper, some means of writing, and access to notary services) by prison guards. He sent many letters to the superintendent concerning his claims, which went unanswered. Although the superintendent may not have been directly responsible for the constitutional deprivation, we concluded that the superintendent knew of the denial of scribe materials because of the prisoner's "many letters" to him, and that the superintendent had systematically ignored these requests for redress. We thus allowed the inmate's § 1983 action to survive summary judgment.

*Perez*, 792 F.3d at 782.

In the instant case, the complaint includes three allegations pertaining to potentially relevant correspondence. First, Owens alleges he filed two previous grievances that were never returned to him. (Doc. 1, p. 8). This allegation is not

connected with any particular individual and does speak to the personal responsibility of Baldwin or Love. Second, Owens alleges he filed a grievance in "early 2015" that was "returned and sent" to Baldwin. (Doc. 1, p. 8).  The alleged constitutional violations at issue in the instant case occurred in 2016 and 2017. A grievance that was allegedly sent to Baldwin in "early 2015" cannot possibly speak to Baldwin's knowledge of unconstitutional violations that are alleged to have occurred in 2016 and 2017. Accordingly, this allegation does not support a claim as to either Defendant. Third, Owens alleges that he submitted correspondence to Baldwin and Love "over a year" ago and that the correspondence has been ignored. (Doc. 1, p. 9). This allegation indicates that Owens submitted correspondence to Baldwin and Love in early 2016 (the Complaint was filed in March 2017). Owens does not provide any detail with regard to the content of the correspondence. However, when viewed in the context of the entire complaint, it is evident that Owens is alleging he relayed information pertaining to Pinckneyville staff retaliating against him for assisting other inmates with filing grievances and/or lawsuits. Given that two of the alleged acts of retaliation occurred in 2016, it is possible that this correspondence related to one or more of those incidents. If Baldwin and Love received detailed correspondence regarding a constitutional deprivation and turned a blind eye, they may be subject to liability under § 1983. However, logic dictates that any such liability would only extend to acts of retaliation occurring after Baldwin and Love were notified and failed to act.

Considering the authority discussed above, the Court finds that Owens has alleged just enough to survive threshold review as to Baldwin and Love with respect to Count 1. Count 1 shall receive further review as to Baldwin and Love in their individual capacities. Further, because Owens is pursuing injunctive relief, the Court will allow Count 1 to proceed against Baldwin (the current director of IDOC) and Love (the assistant warden of operations at Pinckneyville) for purposes of carrying out any injunctive relief only. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

**Count 2**

Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date...." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).

Owens has not presented sufficient factual allegations to proceed on his conspiracy claim against any named defendants. Though he generally alleges that the defendants conspired to retaliate against him, he does not allege an approximate date that the conspiracy started. Without alleging an approximate date, Owens has failed to provide the bare minimum information required to make out a claim for conspiracy. Accordingly, Count 2 will be dismissed without prejudice as to all defendants for failure to state a cognizable claim.

## Request for Preliminary Injunction

In his request for relief, Owens has requested a preliminary injunction ordering his release from segregation and ordering Pinckneyville officials to stop retaliating against him by placing him in segregation. In connection with his request for injunctive relief, Owens asks for an "emergency hearing."

The Court finds that Owens' request for preliminary injunctive relief warrants prompt consideration. Accordingly, the clerk shall be directed to add Owens' motion for preliminary injunction as a separate docket entry. Further, Owens' request for a **PRELIMINARY INJUNCTION** is **REFERRED** pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) to a United States Magistrate Judge, who shall resolve the request as soon as practicable

## Pending Motions

Owens' motion for leave to proceed *In Forma Pauperis* (Doc. 2) shall be addressed in a separate Order of this Court. However, for purposes of determining how service of process shall proceed, the Court observes that Owens appears to qualify for pauper status. Therefore, service of summons and the Complaint will be effected at government expense. See 28 U.S.C. § 1915(d). In light of this ruling, Owens' motion for service of process at government expense (Doc. 4) shall be **DENIED** as **MOOT**.

Owens' motion for recruitment of counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for a decision.

Owens' Motion to voluntarily dismiss Carol McBride (Doc. 6) is **GRANTED**. Carol McBride shall be **DISMISSED** from this action without prejudice.

### Disposition

The Clerk is **DIRECTED** to **ADD** a Motion for Preliminary Injunction as a separate docket entry in CM/ECF. This motion is hereby **REFERRED** to a United States Magistrate Judge for prompt disposition.

The Clerk is **DIRECTED** to **TERMINATE JACKSON** as a party in CM/ECF.

Owens' motion to voluntarily dismiss **MCBRIDE** (Doc. 6) is **GRANTED**. The Clerk shall **TERMINATE MCBRIDE** as a party in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **HECK, MYERS, LOVE, BALDWIN, GILLEY,** and **VANDEKERLOVE** in their individual capacities. **COUNT 1** shall proceed against **LOVE** and **BALDWIN** in their official capacities for purposes of carrying out injunctive relief only.

**IT IS FURTHER ORDERED** that **COUNT 2** is dismissed without prejudice for failure to state a claim.

**IT IS HEREBY ORDERED** that as to **COUNT 1** the Clerk of the Court shall prepare for Defendants **HECK, MYERS, LOVE, BALDWIN, GILLEY,** and **VANDEKERLOVE:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to

13

the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Owens' Motion for Recruitment of Counsel (Doc. 3) and Motion for Preliminary Injunction. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under § 1915, plaintiff will be required to pay the full amount of the costs, even if his application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 24, 2017**

Digitally signed by
Judge David R. Herndon
Date: 2017.03.24
14:07:34 -05'00'

**United States District Judge**

16